# United States District Court

_____ SOUTHERN _____ DISTRICT OF _____ FLORIDA

UNITED STATES OF AMERICA

V.

Dereck A. Chen

**CRIMINAL COMPLAINT**

CASE NUMBER: $OO-4124-SNOW$

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my

knowledge and belief. On or about ___from on or about May 28, 2000___ in __Broward__ county, in the

__Southern__ District of _____ Florida _____ and elsewhere, defendants, Imported and PWID cocaine,

in violation of Title __21__ United States Code, Section(s) __952(a) and 841 (a)(1)__

I further state that I am a(n) ___Special Agent___ and that this complaint is based on the following
<br>Official Title
facts:

Please see attached affidavit.

Continued on the attached and made a part hereof:    [x] Yes   [ ] No

_____
Richard Jolles
Special Agent, U.S. Customs

Sworn to before me, and subscribed in my presence,

May 30, 2000
Date

LURANA S. SNOW
U.S MAGISTRATE JUDGE
Name and Title of Judicial Officer

at   Ft. Lauderdale, FL
<br>City and State

_____
Signature of Judicial Officer



## AFFIDAVIT

I, Richard A. Jolles, being duly sworn, do hereby depose and state the following:

     1.     I am employed as a Special Agent with the United States Customs Service ("Customs"), United States Department of the Treasury, Ft. Lauderdale, Florida, and have been so employed since February, 1998. Formerly, I was employed as an officer of the U.S. Immigration and Naturalization Service; 1 ½ years as a U.S. Border Patrol Agent and two years as an INS Adjudications Officer. I am currently assigned to the South Broward Drug Enforcement Unit, a multi-agency task force involved in the investigation of narcotics smuggling and money laundering. I have received training and been assigned to conduct investigations of criminal violations of the United States Code as enumerated in Titles 18, 19, 21, 22, 31 and various other federal statutes. The following information is based upon my personal knowledge and that of my fellow agents and Customs Inspectors.

     2.     On May 28, 2000, U.S. Customs Service Inspectors in Fort Lauderdale, Florida, conducted an inbound inspection of passengers arriving into the United States at Fort Lauderdale International Airport from Kingston, Jamaica onboard Air Jamaica Flight #87. One of the passengers inspected was DERECK CHEN.

     3.     When questioned by a Customs Inspector during a secondary examination, CHEN stated that he was coming to the United States to purchase gaming equipment for his business in Jamaica. When asked, CHEN could provide no documents, business cards, nor corroborating evidence of a gaming business or intent to purchase gaming equipment. The Inspector noted that

1

CHEN exhibited nervous behavior and seemed unfamiliar with his occupation. CHEN stated that he was in possession of approximately $1,000.00 in United States currency and planned to remain in the United States until May 30, 2000.

4.      The Customs Inspector then examined CHEN's luggage and discovered a garment bag inside of his suitcase. When lifted, the garment bag seemed unusually heavy to the Inspector and a very strong chemical odor was evident. The Inspector removed the clothing inside the garment bag, but the Inspector still believed there was a compartment without access. When asked how to enter the other compartments by the Inspector, CHEN indicated that the garment bag contained clothing.

5.      The examining Inspector then X-rayed the garment bag, where dark, inaccessible areas were revealed in the compartments of the bag. The Inspector then probed a seam of the garment bag with a knife, where clear vacuum-packed bags containing a white, powdery substance were revealed. The substance field-tested positive for the presence of cocaine. A total of eight bags were discovered, containing approximately nineteen (19) pounds of cocaine.

6.      CHEN was advised of his <u>Miranda</u> warnings and he waived them. During his interview, CHEN stated that he was paid $500 by another traveler to carry the suitcase through Customs. Later, CHEN changed his story and stated to agents that he was paid US $1,000 to carry the bag, and that this individual also purchased his airline ticket. CHEN stated that he was unaware that the bag contained cocaine.

7.      Your affiant submits that based on the facts there exists probable cause to believe that DERECK CHEN had in his possession and did knowingly import into the United States, from a place outside thereof, a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in violation of Title 21 United States Code, Section

2

952(a); and did knowingly and intentionally possess with the intent to distribute a Schedule II

controlled substance, that is, a mixture and substance containing a detectable amount of cocaine, in

violation of 21 United States Code. Section 841(a)(1).


**FURTHER YOUR AFFIANT SAYETH NAUGHT**

**RICHARD A. JOLLES, SPECIAL AGENT**
**UNITED STATES CUSTOMS SERVICE**


Sworn to before me this
30th day of May, 2000.

UNITED STATES MAGISTRATE JUDGE

3