UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6151-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA

Plaintiff,

v.

DERECK A. CHEN,

Defendant.
_____/

NIGHT BOX
FILED

JUN 2 2 2000

CLARENCE MADDOX
CLERK. USDC / SDFL / WPB

## GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

The United States of America, in response to the Standing Discovery Order issued in this case, states as follows:

A.  1.  The United States is unaware of any written or recorded statements by the defendant.

2.  That substance of the defendant's oral statements t before or after arrest in response to interrogation by any person then known to be a government agent is contained in the attached Customs report.

3.  The defendant did not testify before the grand jury.

4.  The defendant does not have a criminal history.

5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained from or belonging to the defendants, may be inspected and copied by making an appointment with the undersigned. Some items are attached. An inventory of those items is also attached.



      6.    The laboratory analysis report regarding the cocaine in connection with this case will be disclosed upon receipt by the undersigned.

    B.    The United States requests the discovery and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

    C.    The United States is unaware of any information or material which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963) or United States v. Agurs, 427 U.S. 97 (1976).

    D.    The government will disclose any records of payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses, within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959).

    E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. Such information will be disclosed upon receipt by the undersigned.

    F.    The defendant was not identified in a lineup, showup, photo spread or similar identification procedure.

    G.    The government agents and officers involved in this case have been advised to preserve all rough notes they may have taken.

    H.    Any evidence made available for inspection may be offered in the government's case in chief under Federal Rule of Evidence 404(b) or otherwise.

    I.    The defendant is not an aggrieved person as defined in Title 18, United States Code, Section 2510(11), that is, the defendant was not a party to any intercepted wire or oral communication or persons against whom the interception was directed.

    J.    The United States has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government at the trial of this case. The transcripts will be provided as required by Title 18, United States Code, Section 3500.

    K.    The cocaine involved in this case is currently located at the Drug Enforcement Administration Southeast laboratory in Miami,

Florida. The United States will, upon request, deliver to a chemist selected by the defense, who is presently registered with the Attorney General in compliance with Title 21, United States Code, Sections 822 and 823, and 21 C.F.R. Section 101.22(8), a sufficient representative sample of any alleged controlled substance which is the subject of this indictment, to allow independent chemical analysis of such sample.

L. No vehicle, aircraft or vessel was involved in the commission of the offense.

M. Latent fingerprints have not been recovered in this case.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: ______________________________

TERRENCE J. THOMPSON
Assistant United States Attorney
Court No. A5500063
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33301
(954) 356-7306
(954) 356-7228 (facsimile)
Terrence.Thompson@justice.usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Government's Response to Standing Discovery Order was served by mail this 22nd day of June, 2000, upon: Kenneth L. Weisman, Esq., 1471 N.W. 14 Street, Mimai, Florida 33125.

TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY

Case 0:00-cr-06151-DTKH   Document 16   Entered on FLSD Docket 06/23/2000   Page 4 of 5

<u>INVENTORY OF ATTACHED ITEMS</u>

|  | <u>Page #</u> |
|---|---|
| Customs report | 1-5 |
| Advisement and waiver of rights form | 6 |
| Defendant's Customs Declaration | 7-8 |
| Personal search worksheet | 9 |
| Sequence of events form | 10 |
| Airline ticket | 11 |
| Jamaica Immigration Card | 12 |
| Passports and other documents seized from defendant | 13- |